OPINION OF THE COURT
Elrich A. Eastman, J.
The parties, Carol G. petitioner, and William J. B. respondent, were divorced in New York County in 1979. At that time petitioner was given custody of the parties’ four minor children with visitation rights in the respondent. The separation agreement of March 6, 1979 was incorporated by reference in the judgment for divorce and survived the decree.
Pursuant to the separation agreement respondent was ordered to pay petitioner “an amount equal to 50% of his gross income up to a maximum gross income of $80,000 per annum until such time as the petitioner remarried at which time respondent was ordered to pay twenty-five percent of his gross income, but in no event less than $15,000 per annum.” In the event of emancipation of any of the children of the marriage the periodic payments to petitioner are thereafter reduced accordingly pursuant to a fixed schedule. The maintenance provided to the petitioner and the parties’ children encompasses the payment of all *534 college expenses for the children and coverage of petitioner and the children in respondent’s Blue Cross, Blue Shield and major medical insurance. Petitioner mother is the sole beneficiary of respondent’s life insurance coverage with a face amount of $100,000 until her death or remarriage at which time the children become the primary beneficiaries. These are major provisions of the parties’ separation agreement which contains a provision preventing its modification in whole or in part.
The petitioner herein seeks enforcement of the above-mentioned separation agreement. She alleges that the respondent has provided only $400 for the year 1981. The respondent moves to dismiss the petition on the ground that petitioner has not. satisfied the requirement of personal service of the summons pursuant to section 427 of the Family Court Act and on the ground that there is an action pending between the parties in Supreme Court for New York County. The respondent has alleged that service was made at his office which he maintains was not in compliance with section 427 of the Family Court Act.
Section 427 of the Family Court Act generally tracks the provisions of CPLR 308. It is particularly designed to expedite support proceedings. Therefore, a means of service such as mail service, authorized by subdivision (c) of section 427 of the Family Court Act, certainly a less reliable means of assuring a party receives notice, is nonetheless available as an alternative to the parties in the first instance. Subdivision (a) of section 427 of the Family Court Act does not require that the summons be placed in the hand of the party to be served or that it be delivered to him at his home but only that the summons be delivered “to the person summoned at least seven days before the time stated therein for appearance.” This court therefore considers petitioner’s delivery of the summons to respondent at his place of business to have been sufficiently calculated to apprise him of the proceedings before the court if in fact the summons was personally received by respondent. The process server has provided an affidavit of personal service upon the respondent whose appearance is described in the affidavit. Nonetheless, respondent disputes his receipt of the summons and petition. This court *535 therefore finds that a hearing is necessary to determine the issue of fact presented. Petitioner will at this time be able to call the process server as a witness to determine whether in fact respondent was the individual served.
Next, in regard to respondent’s contention that any proceedings before this court must be dismissed because of an action pending between the parties in Supreme Court, this court notes that respondent has offered no proof of any action presently pending between the parties in Supreme Court. He provides only a bare allegation that an appeal is presently pending before the Appellate Division. Petitioner states in regard to the alleged appeal taken by respondent that such appeal was never perfected since no notice of issue was served until December 31,1981 (see 22 NYCRR 600.11). 22 NYCRR 600.11 provides that “(1) (u)nless otherwise ordered by the court, all appeals or causes shall be placed on the calendar within 20 days after filing the record on appeal * * * (3) The clerk will place no civil appeal or cause on the calendar where the necessary papers and briefs are not offered for filing within one year of the date of entry of the judgment or order appealed from”. The Supreme Court judgment was entered July 3, 1979. For the note of issue to have been timely, therefore, respondent would have had to file all necessary papers by July 3 of 1980. Having failed to make timely application for appeal, no action can be deemed pending in Supreme Court. It should be noted that section 464 of the Family Court Act pertains to those situations in which a divorce action is pending between the parties in Supreme Court. Specifically, subdivision (b) of section 464 of the Family Court Act provides “in the absence of an order by the supreme court granting *** maintenance, the family court during the pending of such action may entertain a petition * * * for a spouse who is likely to become in need of public assistance or care” (emphasis added). In the case before this court, the Supreme Court has duly incorporated the parties’ separation agreement into the divorce judgment of July 3, 1979. Section 464 of the Family Court Act is therefore inapplicable since there is an enforceable provision for petitioner’s maintenance contained in the divorce decree.
*536 The parties, in accordance with this decision are directed to appear before me on March 8, 1982 at which time the factual issue of service upon the respondent will be heard. If service upon respondent is found to have been defective, petitioner may thereafter serve respondent in accordance with section 427 of the Family Court Act. If service is found to have been in compliance with section 427 of the Family Court Act the parties will appear before a hearing examiner on the same date, March 8, 1982, to determine the amount of arrearages to which petitioner is entitled.